1  Steven W. Ritcheson, Esq. (SBN 174062)
2  WHITE FIELD, INC.
   9800 D Topanga Canyon Blvd. #347
3  Chatsworth, California 91311
4  Telephone: (818) 882-1030
   Facsimile: (818) 337-0383
5  swritcheson@whitefieldinc.com
6
   Attorneys for Plaintiff,
7  JOAO CONTROL & MONITORING SYSTEMS, LLC
8
   Douglas L. Bridges, Esq. (*Pro Hac Vice Application To Be Filed*)
9  HENINGER GARRISON DAVIS, LLC
   169 Dauphin Street, Suite 100
10 Mobile, AL 36602
   Telephone: 251-298-8701
11 Facsimile:  205 547 5504:
   dbridges@hgdlawfirm.com
12
13 Attorneys for Plaintiff,
   JOAO CONTROL & MONITORING SYSTEMS OF CALIFORNIA, LLC
14
15          UNITED STATES DISTRICT COURT
16      FOR THE CENTRAL DISTRICT OF CALIFORNIA
17              LOS ANGELES DIVISION
18
   JOAO CONTROL & MONITORING          Case No.
19 SYSTEMS, LLC,                       SACV12 0007 DOC (MLGx)
20                                     **COMPLAINT FOR PATENT
                         Plaintiff,    INFRINGEMENT**
21
           v.                          **Jury Trial Demanded**
22
   HYUNDAI MOTOR AMERICA,              BY FAX
23
                         Defendant.
24
25
26
27
28

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joao Control & Monitoring Systems, LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Hyundai Motor America ("Defendant" or "Hyundai") as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,917,405 entitled "*Control Apparatus and Methods for Vehicles*" (hereinafter, the "'405 patent"; a copy of which is attached hereto as Exhibit A) and United States Patent No. 6,549,130 entitled "Control Apparatus and Method for Vehicles and/or for Premises" (the "'130 patent"; a copy of which is attached hereto as Exhibit B).  Plaintiff is the owner of the '405 patent and the '130 patent.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware.  Plaintiff maintains its principal place of business at 122 Bellevue Place, Yonkers, New York 10703.  Plaintiff is the owner of the patents-in-suit and possesses the right to sue for infringement and recover past damages.

3.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business located at P O Box 20850, Fountain Valley, CA 92728-0850.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.     The Court has personal jurisdiction over Defendant because: Defendant is present within or has minimum contacts with the State of California and the Central District of California; Defendant has purposefully availed itself of the privileges of conducting business in the State of California and in the Central District of California; Defendant has sought protection and benefit from the laws of the State of California; Defendant regularly conducts business within the State of California and within the Central District of California; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of California and in the Central District of California.

6.     More specifically, Defendant, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of California, and the Central District of California.   Upon information and belief, Defendant has committed patent infringement in the State of California and in the Central District of California.  Defendant solicits customers in the State of California and in the Central District of California.  Defendant has many paying customers who are residents of the State of California and the Central District of California and who each use Defendant's products and services in the State of California and in the Central District of California.

7.     Venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

8.     The '405 patent was duly and legally issued by the United States Patent and Trademark Office on June 29, 1999 after full and fair examination for systems and methods for controlling vehicles using at least three control devices. Plaintiff is the owner of the '405 patent and possesses all substantive rights and

rights of recovery under the '405 patent, including the right to sue for infringement and recover past damages.

9.    The '130 patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2003, after full and fair examination for systems and methods for controlling vehicle or premises systems using at least three control devices.  Plaintiff is the owner of the '130 patent and possesses all substantive rights and rights of recovery under the '130 patent, including the right to sue for infringement and recover past damages.

10.    Plaintiff is informed and believes that Hyundai owns, operates, advertises, controls, sells, and otherwise provides hardware and software for "control apparatuses for vehicle systems" including the "Hyundai Stolen Vehicle Assistance and/or Remote Services" and/or the "Hyundai Blue Link" ("the Hyundai systems") and associated hardware and software.  Upon information and belief, Hyundai has infringed and continues to infringe one or more claims of the '405 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems for remotely controlling vehicle systems, including the Hyundai systems.   Upon information and belief, Hyundai has infringed and continues to infringe one or more claims of the '130 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems for remotely controlling vehicle systems, including the Hyundai systems.   More particularly, Plaintiff is informed and believes that Hyundai provides hardware and software configured to remotely control one or more vehicle communications and diagnostic systems in a manner claimed in both the '405 patent and the '130 patent.

11.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

12.     Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

13.     Defendant's infringement of Plaintiff's exclusive rights under the '046 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

14.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '405 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

B. An adjudication that one or more claims of the '130 patent have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant and/or by others to whose infringement the Defendant has contributed and/or by others who infringement has been induced by Defendant;

C. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant' acts of infringement together with pre-judgment and post-judgment interest;

COMPLAINT FOR PATENT INFRINGEMENT

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '405 patent and the '130 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted,
**WHITE FIELD, INC.**

Dated: January 3, 2012                    _____

Steven W. Ritcheson,
Attorney for Plaintiff
JOAO CONTROL & MONITORING
SYSTEMS, LLC